IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ARIGNA TECHNOLOGY LIMITED, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | Case No. 2:22-cv-00126-JRG-RSP |
| NISSAN MOTOR COMPANY, LTD., ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion for Leave to Amend Infringement Contentions filed by Plaintiff Arigna Technology Limited. Dkt. No. 34. After consideration, the Court **GRANTS** the motion.

### I. Background

Arigna alleges that Defendants[1] infringe U.S. Pat. No. 7,397,318 ("'318 Patent") by incorporating the NXP MR2001V into their vehicles and vehicle components. *Arigna Technology Limited v. Volkswagen Grp. of Am., et al.*, No. 2:21-cv-00054-JRG-RSP, Dkt. No. 186 (Second Amended Complaint) (hereinafter "-054 Action"). On January 21, 2022, the Court held a claim construction hearing where it heard arguments on two terms: "connected to" and "grounded." -054 Action, Dkt. No. 451. Soon thereafter, on February 2, 2022, the Court stayed the case. -054 Action, Dkt. No. 464. Then on April 27, 2022, the Court lifted the stay and severed the Defendants into this action. -054 Action, Dkt. No. 467.

---

[1] Defendants are (1) Control Systems GmbH, Conti Temic microelctronic GmbH, and Continental AG ("Continental"), which install the NXP MR2001V in radar modules; and (2) Nissan Motor Company, Ltd. and Nissan North America, Inc. ("Nissan"), Tesla, Inc. and Tesla Motors TX, Inc. ("Tesla"), Toyota Motor Corporation and Toyota Motor North America, Inc. ("Toyota"), and General Motors LLC ("General Motors"), which install Continental's radar modules in their vehicles and sell those modules as replacement parts.

1

On April 28, 2022, Arigna served amended infringement contentions that added a Doctrine of Equivalents ("DOE") theory of infringement of the "connected to" term and an additional image of the NXP MR2001V that was obtained through reverse engineering. Dkt. No. 34 at 5.

On May 9, 2022, the Court issued its Claim Construction Order, Dkt. No. 33, and provided that "connected to" is to be construed as "connected without interposition of another circuit element." *Id.* at 8. In the Claim Construction Order, the Court noted that the construction did not preclude a DOE argument. *See id.* at 8 n.2 (citing *ICM Controls Corp. v. Honeywell Int'l, Inc.*, 256 F. Supp. 3d 173, 201 (N.D.N.Y. 2017)).

## II.     Legal Standard

"Local Patent Rule 3-1 requires a party claiming infringement to identify each accused product in its infringement contentions." *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017) (quoting *Tivo Inc. v. Samsung Elecs. Co.*, No. 2:15-CV-1503-JRG, 2016 WL 5172008, at *1 (E.D. Tex. 2016)). When amending infringement contentions, a party does not need leave of Court if the party "believes in good faith that the Court's Claim Construction Ruling so requires. . . ." P.R. 3-6(a)(1).

Alternatively, Local Patent Rule 3-6(b) allows a party to supplement its infringement contentions "only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause in this context 'requires a showing of diligence.'" *Intellectual Ventures*, 2017 WL 4812436, at *2 (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). Additionally, the Court considers four factors when determining good cause: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *Packet Intelligence LLC v. NetScout Sys.* No. 2:16-

CV-230-JRG, 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017)); *accord Harris Corp. v. Huawei Device USA, Inc.*, No. 2:18-CV-439-JRG, 2019 WL 4247067, at *1 (E.D. Tex. Sept. 6, 2019).

### III. Analysis

Arigna argues that it may amend its infringement contentions pursuant to both P.R. 3-6(a)(1) and P.R. 3-6(b). Dkt. No. 34 at 7. Beginning with P.R. 3-6(a)(1), this Court has stated, "amendment under P.R. 3-6(a)(1) must be in response to an 'unexpected or unforeseeable' claim construction ruling by the Court." *Implicit, LLC v. Huawei Techs. USA, Inc.,* No. 6:17-CV-00182-JRG, 2018 WL 11182156, at *4 (E.D. Tex. July 2, 2018) (citing *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2018 WL 1695231, at *6 (E.D. Tex. Apr. 6, 2018)). "The court's adoption of an opposing party's claim construction is not sufficient to support the movant's claim that it was surprised by the court's ruling." *Sycamore*, 2018 WL 1695231, at *6. Here, the Court adopted Defendant's proposed construction for "connected to" verbatim and, therefore, it was not "unexpected or unforeseeable." Thus, Argina cannot amend its contentions pursuant to P.R. 3-6(a)(1).

However, the Court finds that good cause exists to grant leave to amend pursuant to P.R. 3-6(b). Beginning with the first factor—the explanation for the failure to meet the deadline—the Court finds that Arigna was clearly diligent in pursuing discovery from NXP. Thus, NXP's refusal to provide certain discovery necessitates the additional image of the NXP MR2001V. As to the DOE argument, the Court finds that, although the Court's claim construction of "connected to" was not unexpected to the extent necessary to allow amendment under P.R. 3-6(a)(1), the Court finds that Arigna was diligent in providing its DOE theory in response to the Court's construction, *See Cell & Network Selection LLC v. AT&T Inc.*, No. 6:13-cv-00403-KNM, 2014 WL 10727108, at * 3 (E.D. Tex. Nov. 10, 2014). Thus, this factor weighs in favor of finding good cause.

3

For the next factor—the importance of the thing that would be excluded—the Court finds that both the DOE argument and the additional image are of high importance to Argina, *See, e.g. Thomas Swan & Co. Ltd. v. Finisar Corp.*, 2:13-cv-00179-JRG, 2014 WL 12599219, at *2 (E.D. Tex. Aug. 11, 2014). Thus, this factor also weights in favor of finding good cause.

Next—potential prejudice in allowing the thing that would be excluded—Defendants argue that DOE "would introduce substantial complexity" and "would require Defendants to: 1) re-tool their noninfringement positions; 2) begin anew with experts that have been operating under a literal infringement analysis since July 2021; and 3) take additional discovery, including discovery from third parties, which is foreclosed under the DCO." Dkt. No. 43 at 5. Arigna argues that prejudice to Defendants is minimal because "the amendment adds no new products or claims; is based entirely on the same exact NXP schematic Arigna has consistently identified; and the noticed depositions of both NXP (the chipmaker) and Continental (the component supplier) have yet to occur [as of May 26, 2022]." Dkt. No. 41 at 5 (emphasis omitted).

The Court finds that introduction of a DOE theory may result in some prejudice to the Defendants but that Defendants' argument on prejudice is conclusory and unpersuasive. Furthermore, given that certain depositions of NXP and Continental have not yet occurred, and expert discovery has not begun, the prejudice to Defendants is minimal. Continental, the manufacturer of the component that utilizes the NXP MR2001V, is a defendant in this action and therefore should have the necessary information and expertise on hand to provide the necessary information to transition from a literal infringement theory to a DOE theory. Thus, the Court finds that the prejudice to Defendants is minimal and this factor also weighs in favor of finding good cause.

Finally, it is not necessary to address the possibility of a continuance.

### IV. Conclusion

All factors weigh in favor of finding good cause to grant leave to amend. Therefore, the Court **GRANTS** the Motion for Leave to Amend Infringement Contentions (Dkt. No. 34).

**SIGNED this 7th day of June, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE