IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, § § *Plaintiff*, § § v. § § NISSAN MOTOR COMPANY, LTD., ET § AL., § § *Defendants*. § | Case No. 2:22-cv-00126-JRG-RSP |

## MEMORANDUM ORDER

On July 19, 2022, the Court heard arguments concerning two issues related to discovery: (1) whether Defendants ADC Automotive Distance Control Systems GmbH, Conti Temic microelectronic GmbH, Continental AG (collectively, "Continental") complied with the Court's June 10 Order (the "Order") (Dkt. No. 49) and (2) whether to compel Continental to produce certain information requested by Plaintiff Arigna Technology Limited in Arigna's Motion to Compel (Dkt. No. 58).

### I.  Compliance with the Order

In the Order, the Court ordered Continental "to complete the production of its ESI no later than June 17, 2022." Dkt. No. 49. On June 21, 2022, during a teleconference with Arigna and Continental, the Court learned that Continental had only produced a fraction of its ESI by the June 17 deadline, and that what it did produce was overly redacted. Continental argued that both the delay in production and the redactions were required by the European Union's General Data Protection Regulation ("GDPR"), which the Continental Defendants must comply with as they are all German entities. Given Continental's reliance on the GDPR, the Court set an evidentiary

1

hearing to determine whether Continental's review process, which caused a delay in production, and the extensive redactions were required for Continental to comply with the GDPR.

At the July 19 hearing, Arigna provided examples of Continental's redactions and argued that redaction of every employee's name and email address was done in bad faith and rendered the ESI mostly useless, especially for deposing Continental's 30(b)(6) representatives. To further demonstrate the alleged bad faith application of the GDPR, Arigna showed where Continental blacked out the faces of its Executive Board in a picture even though that picture was available on Continental's public website without the redactions. Based on these redactions and failure to timely produce the ESI, Argina seeks an adverse inference instruction; an order precluding Continental from using any document that it did not timely produce, and Arigna's costs and fees.

In response, Continental argued (but did not show) that it received an opinion letter from a law firm based in Europe stating the redactions were required by the GDPR, and that it had worked diligently to produce the ESI while also complying with the GDPR. Continental acknowledged it had not sought relief from the Order by the June 17 deadline.  Continental did not cite any authority, either U.S. or European, to support its argument that these redactions were required by the GDPR.

Based on the arguments at the hearing, the Court finds that Continental has failed to show that the extensive redactions were required by GDPR. Generally, foreign law "do[es] not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that [foreign law]." *Société Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987). Thus, when other courts that have considered whether the GDPR excuses noncompliance with the discovery requirements embodied in the Federal Rules of Civil Procedure, they have found that simply

invoking the GDPR does not excuse a party from its discovery obligations. *See, e.g.*, *Finjan, Inc.v. Zscaler, Inc.*, 2019 WL 618554 (N.D. Cal. Feb. 14, 2019); *In re Mercedes Benz Emissions Litig.*, 2020 WL 487288 (D. N.J. Jan. 30, 2020); *AnywhereCommerce, Inc. v. Ingenico, Inc.*, 2020 WL 618554 (D. Mass. Aug. 31, 2020); G*iorgi Global Holdings, Inc., et al. v. Smulski*, 2020 WL 2571177 (E.D. Pa. May 21, 2020).

Here, Continental does nothing more than simply argue that the extensive redactions are required by the GDPR and thus its noncompliance with the Order should be excused. However, Continental only provides attorney argument without evidence for the Court to weigh when determining whether to excuse its noncompliance. Therefore, the Court finds Continental has no excuse for its excessive redactions and untimely production.

Furthermore, Article 49(1) of the GDPR specifically contains an exemption that allows for the production of information that is "necessary for the establishment, exercise or defense of legal claims." Article 49(1)(e), *EU General Data Protection Regulation (GDPR)*: Regulation (EU) 2016/679, OJ 2016 L 119/1. The European Union, in its GDPR implementation guidelines to member nations, states that information disclosed "for the purpose of formal pre-trial discovery procedures in civil litigation" would fall under Article 49. Guidelines 2/2018 on derogations of Article 49 under Regulation (EU) 2016/679, p. 11. Thus, the Court again finds that Continental's invocation of the GDPR, which allows for production of information in the context of discovery in civil litigation, does not excuse its noncompliance.

Turning to the appropriate sanction, the Court declines to issue an adverse inference instruction at this time.  However, if it comes to light that Continental has destroyed ESI, the Court will take up this issue again during the pretrial process. As to precluding Continental's use of

untimely ESI, Fed. R. Civ. P. 37 already precludes a party from relying on information that it did not timely disclose.

As to fees and costs, the Court **ORDERS** Continental is to pay the fees attributable to the review of the improperly redacted production, plus the time involved with preparing for and attending the June 10 and June 21 telephone hearings and the July 19 hearing. Additionally, Continental is to pay the fees and costs for any 30(b)(6) deposition where Continental's representative was unable to answer Arigna's questions due to the excessive redactions. The parties are to meet and confer to determine the amount of fees and costs associated with the hearings and depositions identified in this order. If the parties cannot come to an agreement within 30 days from the date of this order, Arigna is to file a motion to fix fees. Finally, the Court grants Arigna leave to take depositions that it needs to address any deficiencies in the previous 30(b)(6) depositions.

## II.     Motion to Compel

In its Motion to Compel, Arigna seeks four items: (1) a direct export from Continental's financial systems to confirm unit counts, revenues, and costs for the ASR4-series radar module (the "Accused Product"); (2) direct export from the same financial systems on the same terms about the purchase price of the NXP MR2001 component and the sale price of the accused Continental ARS4 radar module unit; (3) purchase orders to corroborate the purchase price of NXP MR2001 and sale price of Conti ARS4 radar module; and (4) Continental's sales presentations that were produced by Continental's co-Defendants but not by Continental.

Taking the last item first, the Court finds Arigna's concern about the sales presentations is one of admissibility, not discovery. Argina seeks to compel the production of Continental sales presentations *from Continental* to ensure those presentations are admissible in a trial against

Continental. At the hearing, the Court informed Arigna that issues of admissibility would be addressed during the pretrial process; however, the Court directed Continental to conduct a search to confirm it had produced all responsive materials. Upon confirmation that it has produced all responsive materials, Continental is directed to communicate that in writing to Arigna.

For the remaining three items, Arigna seeks these documents because it is concerned that the Continental's previously produced information is not accurate. In response to Arigna's interrogatories, Continental produced a table listing unit counts, revenues, costs, sales price for the Accused Product and the purchase price of the NXP MR2001 chip. Arigna alleges that the numbers contained in the table either have changed over time without explanation or the numbers in the table do not match the information produced by the non-Continental Defendants. Although Continental disagreed with Arigna's representations and offered explanations for discrepancies at the hearing, Continental agreed to produce the requested documents and information for a small number of months for Arigna to conduct a "spot check" of Continental's previous responses.

Given Continental's agreement, the Court **GRANTS IN PART** the Motion to Compel (Dkt. No. 58). It is therefore **ORDERED** that Continental is to produce documents for two months to corroborate the unit counts, revenues, and costs for the Accused Product and purchase orders that show the cost of the NXP MR2001 chip and sale price of the Accused Product. The Court will not require Continental to produce direct exports of its CDP and SAP databases at this time.

**SIGNED this 29th day of July, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE