**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, <br><br> Plaintiff, <br><br> vs. <br><br> ADC AUTOMOTIVE DISTANCE CONTROL SYSTEMS GMBH, et al. | Case No. 2:22-cv-00126-JRG-RSP <br><br> Jury Trial Demanded <br><br> LEAD CASE |
| ARIGNA TECHNOLOGY LIMITED <br><br> Plaintiff, <br><br> vs. <br><br> NISSAN MOTOR CO., LTD. et al., <br><br> Defendants. | Case No. 2:22-cv-00297-JRG-RSP <br><br> Jury Trial Demanded <br><br> MEMBER CASE |

**<u>PLAINTIFF'S OMNIBUS MOTIONS *IN LIMINE*</u>**

## TABLE OF CONTENTS

1.   Investors, Investor Models, and Attorneys' Fee Arrangements ......................................... 1

2.   Disparaging Descriptions of Arigna's Business Model ........................................................ 3

3.   Non-infringement Arguments Based on Preferred Embodiments .................................... 4

4.   Comparisons of the NXP MR2001 Chip to Prior Art .......................................................... 5

5.   References to Other Litigations Brought By the Parties, their Investors, or Related Entities ...................................................................................................................................... 5

6.   Relying on "Background Art" to Prove Invalidity By Arguing That It Teaches or Discloses Specific Claim Elements ...................................................................................... 7

7.   Argument Suggesting that the Patent Purchase Agreement is Indicative of Damages ....... 9

8.   Exclusion of Any Reference to *Daubert* Opinions in Other Litigations ......................... 10

9.   Exclusion of Total/Lifetime Amount of Compensation ................................................... 11

10.  Financial Harm to Either Party .......................................................................................... 11

11.  Exclusion of Total/Lifetime Amount of Compensation ................................................... 12

12.  Precluding Testimony Regarding Subsequent Conversations With Thomas Livernois ... 12

███████████

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Celluluar Commc'ns Equip., LLC v. Apple, Inc.*,
   No. 6:14-cv-00251-KNM, Dkt. 262, (E.D. Tex. Sept. 2, 2016) ................................................4

*Contentguard Holdings, Inc. v. Amazon.com, Inc.*,
   2015 WL 12915561 (E.D. Tex. Aug. 3, 2015) .......................................................................12

*Contour Ip Holding, LLC v. GoPro, Inc.*,
   2021 WL 75666 (N.D. Cal. Jan. 8, 2021) ................................................................................7

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   2016 U.S. Dist. LEXIS 126811 (E.D. Tex. July 12, 2016).......................................................2

*Datatreasury Corp. v. Wells Fargo & Co.*,
   2010 WL 11468934 (E.D. Tex. Oct. 5, 2010) .......................................................................2, 6

*Deflecto, LLC v. Dundas Jafine Inc.*,
   2015 U.S. Dist. LEXIS 170488 (W.D. Mo. Dec. 22, 2015) .....................................................2

*DePuy Orthopaedics Inc.*,
   2018 WL 2431852 (E.D. Wis. May 30, 2018)..........................................................................6

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
   2017 WL 2773944 (E.D. Tex. May 26, 2017)...........................................................................3

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
   2017 WL 11658860 (E.D. Tex. July 25, 2017) .....................................................................7, 8

*Evolved Wireless, LLC v. Apple Inc.*,
   2019 WL 1100471 (D. Del. Mar. 7, 2019) ...............................................................................3

*Finjan, Inc. v. Cisco Sys. Inc.*,
   2020 WL 13180008 (N.D. Cal. June 5, 2020) ................................................................. *passim*

*Intellectual Ventures I LLC v. T-Mobile USA, Inc.*,
   No. 2:17-CV-00577-JRG, Dkt. 294 (E.D. Tex. Jan. 8, 2019) .............................................8, 9

*Intellectual Ventures II LLC v. FedEX Corp.*,
   2018 WL 10638138 (E.D. Tex. Apr. 26, 2018).........................................................................4

*Interdigital Commc'ns Inc. v. Nokia Corp.*,
   2014 WL 12465431 (D. Del. Aug. 28, 2014) ...........................................................................3

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   2022 WL 2800911 (D. Del. June 27, 2022)..............................................................................3

*KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*,
   No. 2:16-cv-1314-JRG-RSP, Dkt. 416 (E.D. Tex. May 3, 2018)..............................................7

*Largan Precision Co, Ltd. v. Genius Elec. Optical Co.*,
   2014 WL 6882275 (N.D. Cal. Dec. 5, 2014)............................................................................8

*Metaswitch Networks, Inc. v. Genband US, LLC*,
   No. 2:14-cv-744-JRG, Dkt. 289 at 8 (E.D. Tex. Oct 30, 2015)................................................8

*Mobile Telecommunications Techs., LLC v. Clearwire Corp.*,
   2014 WL 12663452 (E.D. Tex. Jan. 29, 2014).......................................................................10

*In re Nat'l Prescription Opiate Litig.*,
   2020 WL 6450290 (N.D. Ohio Nov. 3, 2020)..........................................................................6

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
   2016 WL 7743510 (E.D. Tex. Sept. 21, 2016)......................................................................2, 7

*PerDiemCo, LLC v. Industrack, LLC*,
   No. 2:15-CV-00727-JRG, Dkt. 250 (E.D. Tex. Oct. 13, 2016)................................................8

*Realtime Data LLC v. Echostar Corp.*,
   2018 WL 10466786 (E.D. Tex. Dec. 17, 2018)......................................................................11

*Red Rock Analytics, LLC v. Samsung Elecs., Co., Ltd.*,
   No. 2:17-CV-00101-RWS-RSP, Dkt. 244 (E.D. Tex. March 14, 2019) ..................................8

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   2015 WL 627430 (E.D. Tex. Jan. 31, 2015).......................................................................2, 10

*RMail Ltd. v. Amazon.com, Inc.*,
   2019 WL 10375642 (E.D. Tex. June 12, 2019)......................................................................13

*Saffran v. Johnson & Johnson*,
   2011 WL 10857558 (E.D. Tex. Jan. 13, 2011)........................................................................5

*SRI Int'l v. Matsushita Elec. Corp.*,
   775 F.2d 1107 (Fed. Cir. 1985) (*en banc*) .............................................................................5

*SSL Services, LLC v. Citrix Sys.*,
   2012 WL 12906091 (E.D. Tex. May 24, 2012)....................................................................1, 2

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
   279 F.3d 1357 (Fed. Cir. 2002)...............................................................................................5

*TransData, Inc. v. Centerpoint Energy Houston Elec. LLC*,
  2016 WL 11677492 (E.D. Tex. July 1, 2016) ...........................................................................2

*Ultratec, Inc. v. Sorenson Communs., Inc.*,
  2014 U.S. Dist. LEXIS 137107 (W.D. Wis. Sep. 29, 2014).......................................................2

*Verinata Health, Inc. v. Sequenom, Inc.*,
  2014 WL 4100638 (N.D. Cal. Aug. 20, 2014) ...........................................................................8

*Zahn v. Solano*,
  2015 WL 13632437 (N.D. Tex. Mar. 10, 2015) ..........................................................................6

*Zenith Elecs. Corp. v. PDI Comm. Sys.*,
  522 F.3d 1348 (Fed. Cir. 2008)...................................................................................................5

*Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*,
  2015 WL 7303352 (E.D. Tex. Aug. 25, 2015) ...........................................................................8

**Statutes**

35 U.S.C. § 287....................................................................................................................................7

**Other Authorities**

Fed. R. Evid. 401 ..............................................................................................................................1

Fed. R. Evid. 402 .........................................................................................................................5, 9

Fed. R. Evid. 403 ...............................................................................................................1, 7, 9, 10

Fed. R. Evid. 404 ..............................................................................................................................7

Fed. R. Evid. 408 ..............................................................................................................................7

1.      **Investors, Investor Models, and Attorneys' Fee Arrangements**

Arigna moves under Rules 401, 402, and 403 to preclude (i) "reference to any investors in the litigation"; (ii) "references to attorneys' fees or fee arrangements," and (iii) reference to the business models of any of any investors or equity holders in any of the parties (e.g., no references to "hedge funds" or "private equity"), except that "[t]he parties shall be permitted, however, to introduce evidence regarding any testifying witnesses' financial interest in any of the companies that are parties to this suit." *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-CV-158-JRG, 2012 WL 12906091, at *1 (E.D. Tex. May 24, 2012).

Arigna has good cause to be concerned. Conti has included a number of exhibits on its exhibit list that have no relevance to this action and amount to little more than prejudicial name-calling, including the following:

- Conti's DTX-0042: a website post from "defensive" patent aggregator RPX Corporation about Plaintiff with the inflammatory headline: "More Hedge Fund-Backed Irish NPEs Launch US Litigation."[1]

- Conti's DTX-0275: Irish Time Article, "Irish patent firm in multimillion dollar settlement with tech giants,"[2] that states:

> ***Controversial Irish patent-holding company Neodrón*** has reached a multimillion dollar settlement with 10 of the world's largest consumer electronics giants over the use of intellectual property it owns. …
>
> Neodrón is one of a number of 'non-practising [*sic*] entities' (NPEs) that share directors and an address in Ireland. Other companies registered in Dublin and managed by Atlantic IP include Arís Technologies, Sonraí Memory, Arigna Technology, Solas OLED and Data Scape. These various entities all hold patents for different technologies and all have been involved in litigation

---

[1]  *Available at:* https://insight.rpxcorp.com/news/65543-more-hedge-fund-backed-irish-npes-launch-us-litigation.

[2]  *Available at:* https://www.irishtimes.com/business/technology/irish-patent-firm-in-multimillion-dollar-settlement-with-tech-giants-1.4452627

1

██████████████████████████

campaigns.

Because such information is "irrelevant and potentially prejudicial," it should be excluded. *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2016 U.S. Dist. LEXIS 126811, at *13 (E.D. Tex. July 12, 2016) (granting motion *in limine* to exclude reference to "indirect owners" of plaintiff as "a 'private equity' firm").[3]

Additionally—although traditionally an "agreed" limine[4]—Continental also expressly refused to refrain from referring to Arigna's fee arrangements with counsel in this case. This, too, has no probative value to any issue in this case and would be highly prejudicial. Any reference to fee arrangements with counsel, contingent fees, or legal fees paid by either party should be excluded. *See SSL Servs.*, 2012 WL 12906091, at *1; *TransData, Inc. v. Centerpoint Energy Houston Elec. LLC*, No. 6:10CV557 RWS-JDL, 2016 WL 11677492, at *1 (E.D. Tex. July 1, 2016) ("No party shall refer to any contingency fee agreement with TransData or refer to the amount of payment received by TransData pursuant to a contingency fee agreement."); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *3 (E.D. Tex. Jan. 31, 2015) (granting MIL "to preclude Defendants from any references, evidence, testimony (including expert testimony), arguments regarding, or inquires attempting to elicit testimony regarding contingent fees, fees incurred, the retention/fee agreements of any party's counsel in this case, and any fees obtained or potentially obtained by counsel as a result of this

---

[3] *See Deflecto, LLC v. Dundas \*Jafine Inc.*, No. 13-0116-CV-W-ODS, 2015 U.S. Dist. LEXIS 170488, at *18 (W.D. Mo. Dec. 22, 2015) (granting plaintiff's motion *in limine* in patent case to exclude "negative comments about private equity and venture capital companies"); *Ultratec, Inc. v. Sorenson Communs., Inc.*, No. 13-cv-346-bbc, 2014 U.S. Dist. LEXIS 137107, at *43 (W.D. Wis. Sep. 29, 2014) (granting defendants' motion *in limine* in patent case to exclude "evidence or argument regarding the private equity ownership of either defendant").

[4] *See, e.g.*, *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510, at *3 (E.D. Tex. Sept. 21, 2016); *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL 11468934, at *1 (E.D. Tex. Oct. 5, 2010).

case.").

## 2. Disparaging Descriptions of Arigna's Business Model

Arigna moves under Rules 401, 402, and 403 to preclude Conti from (1) using nicknames or monikers to disparage Arigna or its business model or (2) repeatedly referencing or emphasizing the fact that Arigna does not practice the patent to create a negative impression of Arigna at trial.

As to nicknames and monikers, Conti has agreed that it will not refer to Arigna using certain derogatory monikers—namely "patent troll," "patent troll," "pirate," "privateer," "paper patent," "playing the lawsuit lottery," or a company that is "playing the lawsuit lottery." But Conti reserves the right to refer to Arigna by the monikers "non-practicing entity" or "patent assertion entity." These, too, should be precluded.

As Judge Bryson recently explained in *IOENGINE, LLC v. PayPal Holdings, Inc.*, although courts in the past have split on the permissibility of using such arguably neutral monikers at trial,[5] even those arguably neutral nicknames are problematic:

> The problem with facially neutral labels such as "non-practicing entity" or "patent assertion entity" is that they are generally not helpful to the jury, which is not likely to understand what those terms mean, standing by themselves. And in the event that jury members are familiar with the terms, they may also be familiar with the negative connotations that those terms sometimes carry. *See Finjan*, 2020 WL 13180008, at *3 ("[S]uch projective labels are irrelevant, unhelpful to the jury, and in some instances carry negative connotations.").

---

[5] *Compare Interdigital Commc'ns Inc. v. Nokia Corp.*, No. 13-cv-10, 2014 WL 12465431, at *1 (D. Del. Aug. 28, 2014) ("Defendants may not refer to Plaintiff as troll, non-practicing entity (NPE), patent assertion entity, or extortionist."), *and Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072, 2020 WL 13180008, at *3 (N.D. Cal. June 5, 2020) (excluding defendant's use of the terms "patent troll," "patent assertion entity," "PAE," "non-practicing entity," and "NPE"), *with Evolved Wireless, LLC v. Apple Inc.*, No. 15-cv-542, 2019 WL 1100471, at *7 (D. Del. Mar. 7, 2019) (allowing "neutral terms" such as "non-practicing entity"), *and Eidos Display, LLC v. Chi Mei Innolux Corp.,* No. 6:11-CV-00201, 2017 WL 2773944 (E.D. Tex. May 26, 2017) ("[T]he term 'patent assertion entity' or 'non-practicing entity' may be used ....").

No. CV 18-452-WCB, 2022 WL 2800911, at *3 (D. Del. June 27, 2022). As another example, the first results returned when searching Google for "nonpracticing entity" show that the term is used synonymously with "patent troll."[6]

To be clear, Arigna is not asking the Court to preclude Conti from introducing evidence or explaining that Arigna does not manufacture a product based on the Asserted Patent. But while Arigna agrees that Conti can indicate that Arigna does not practice the patent, it should not be permitted to use nicknames or monikers like "NPE" or "patent assertion entity" to describe Arigna at trial. *See Celluluar Commc'ns Equip., LLC v. Apple, Inc.*, No. 6:14-cv-00251-KNM, Dkt. 262 at 112 (E.D. Tex. Sept. 2, 2016 ("THE COURT: That's granted. You can say they don't practice the patents, but we're not going to call them an 'NPE.'").

Arigna also asks the Court to preclude Conti from making *repeated* references to the fact that Arigna does not presently practice the inventions of the '318 Patent. This is improper. Once "Defendant … establish[es] that Plaintiff does not manufacture a product based on the Asserted Patent[] …Defendants [should] not be permitted to continually return to the topic in an attempt to denigrate Plaintiff through repetition." *Intellectual Ventures II LLC v. FedEX Corp.*, No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *3 (E.D. Tex. Apr. 26, 2018).

3.    **Non-infringement Arguments Based on Preferred Embodiments**

Arigna moves under Rules 401, 402, and 403 to preclude Conti from referencing or eliciting testimony that the asserted claims of the '318 Patent are limited to preferred embodiments in the specification, including by comparing (or asking witnesses to compare) the infringing products to the specifications figures other than those labeled "Conventional Art," *e.g.*, Figs. 4-8.

Although Conti agreed on the parties' meet and confer that it would not argue or elicit

---

[6] *See* Sept. 16, 2022 Google Search, *available at* https://bit.ly/3BmBK2P.

4

testimony suggesting that the asserted claims are limited to preferred embodiments in the specification, Conti would not agree to refrain from comparing the accused products to the patent figures to prove noninfringement. Any attempt by Conti to establish non-infringement by comparing the accused products against any of the Patent's Figures 1-3 would be impermissible. *See, e.g.*, *Saffran v. Johnson & Johnson*, 2011 WL 10857558, at *1 (E.D. Tex. Jan. 13, 2011) (granting motion *in limine* to bar "comparing [accused product] to the preferred embodiments of the '60 Patent"). As the Federal Circuit has held, "[i]nfringement … is determined by comparing an accused product *not* with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee, but with the properly and previously construed claims in suit." *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) (*en banc*).

4.      **Comparisons of the NXP MR2001 Chip to Prior Art**

Arigna moves under Rules 401, 402, and 403 to preclude Conti from referencing or eliciting testimony comparing the MR2001 to any alleged prior art. As the Federal Circuit has held, it is not a defense to infringement that aspects of an accused product practices the prior art. *See Zenith Elecs. Corp. v. PDI Comm. Sys.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) (finding no "practicing prior art" defense to literal infringement (quoting *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1367 (Fed. Cir. 2002))). Comparisons of the prior art and the accused products thus have no relevance to any claim or defense in this case and any probative value is greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. Fed. R. Evid. 402, 403.

5.      **References to Other Litigations Brought By the Parties, their Investors, or Related Entities**

Arigna moves under Rules 401, 402, and 403 to exclude any argument, evidence, or

5

testimony relating to other litigations—brought by the parties, their investors, or other entities—except for litigations referenced in settlement or license agreements relied on by either party's damages experts.

For one thing, "allegations" are not evidence, and allegations from other unrelated lawsuits are thus both irrelevant and unfairly prejudicial. *In re Nat'l Prescription Opiate Litig.*, 2020 WL 6450290, at *10 (N.D. Ohio Nov. 3, 2020) (granting motion *in limine* to exclude reference to other co-pending litigations as irrelevant); *accord Zahn v. Solano*, 2015 WL 13632437, at *1 (N.D. Tex. Mar. 10, 2015) (granting motion *in limine* excluding "evidence of, or making reference to, any other . . . lawsuits" involving the parties because "such information is irrelevant and potentially misleading to the jury"); *DePuy Orthopaedics Inc.*, 2018 WL 2431852, at *2 (E.D. Wis. May 30, 2018) (excluding any "suggestion that [plaintiff] is litigious").

For another, Conti has articulated no explanation suggesting that the existence of other unrelated entities or their business practices are probative of any issue in this case. Of particular concern are the unrelated companies included in Conti's exhibits, which Conti may use draw attention to litigations brought by third party companies having nothing to do with this dispute. As one exhibit reads:

> Neodrón is one of a number of 'non-practising [*sic*] entities' (NPEs) that share directors and an address in Ireland. Other companies registered in Dublin and managed by Atlantic IP include Arís Technologies, Sonraí Memory, Arigna Technology, Solas OLED and Data Scape. These various entities all hold patents for different technologies and all have been involved in litigation campaigns.

DTX-0275. These irrelevant facts would serve only to prejudice Arigna. References to any of these non-Arigna entities (including, but not limited to Neodrón, Arís Technologies, Sonraí Memory, Solas OLED, and Data Scape) and their licensing and/or litigations should be unequivocally precluded. *See Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72 DF, 2010 WL

6

11468934, at *24 (E.D. Tex. Oct. 5, 2010) ("[E]vidence of other litigation offered to prove … liability, willfulness, or the extent of damages should be excluded pursuant to at least Federal Rules of Evidence 403, 404, and 408 unless such litigation is directly relevant to the patents in suit or is otherwise shown to be relevant to issues raised at trial."); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 215CV00037RWSRSP, 2017 WL 11658860, at *3 (E.D. Tex. July 25, 2017) (granting MIL to exclude "[e]vidence or argument relating to irrelevant lawsuits"); *KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-cv-1314-JRG-RSP, Dkt. 416 at 7 (E.D. Tex. May 3, 2018) (with respect to impeachment or the "ma[king of] certain statements in a legally binding context … "Plaintiff may not refer to other specific litigation unless Plaintiff convinces the trial judge that Defendants have opened the door by questioning the source of the statements."); *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7743510, at *2 (E.D. Tex. Sept. 21, 2016) (granting motion to "Exclude Evidence, Testimony, Or Argument During Trial Referencing Other Apple Litigations").

Arigna clarifies that this Motion does not seek to exclude evidence of other litigations in two narrow circumstances. ***First***, if the Court permits Conti to advance a failure-to-mark defense at trial, *see* 35 U.S.C. § 287, this Motion is not intended to preclude references to other lawsuits involving the '318 Patent. ***Second***, the Motion is not intended to preclude references to litigation concerning the '318 Patent and or litigations referenced licenses that are considered and/or relied on by the parties' damages experts and not stricken by the Court in its *Daubert* rulings.

6.    **Relying on "Background Art" to Prove Invalidity By Arguing That It Teaches or Discloses Specific Claim Elements**

Although accused infringers are permitted to use "background prior art … to establish the knowledge of a person of ordinary skill in the art[] or [speak to] other defenses not subject to the disclosure requirements" of the Court's invalidity contentions, *Contour Ip Holding, LLC v. GoPro,*

7

*Inc.*, 2021 WL 75666, at *2 (N.D. Cal. Jan. 8, 2021), they can do so only "as long as [such background references] are not used as prior art to challenge the validity of a claim element." *Finjan, Inc. v. Cisco Sys. Inc.*, 2020 WL 13180008, at *4 (N.D. Cal. June 5, 2020).[7]

Conti thus should be "precluded from relying on uncharted prior art to prove invalidity, for example, by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims." *PerDiemCo, LLC v. Industrack, LLC*, No. 2:15-CV-00727-JRG, Dkt. 250 (E.D. Tex. Oct. 13, 2016) at 2 (granting the same *in limine* motion). Conti should "also [be] precluded from introducing uncharted prior art as an exhibit, and [should] not display uncharted prior art to the jury as a demonstrative." *Id.*; *see also Intellectual Ventures I LLC v. T-Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, Dkt. 294 (E.D. Tex. Jan. 8, 2019) (granting MIL to "Exclude evidence relating to uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims, including introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative").[8]

Arigna agrees that it is permissible for Conti to "use uncharted references to demonstrate the

---

[7] *See Verinata Health, Inc. v. Sequenom, Inc.*, 2014 WL 4100638, at *5 (N.D. Cal. Aug. 20, 2014) (striking use of background prior art "to the extent … relie[d] on [] as prior art that allegedly renders the asserted claims ... obvious"); *Largan Precision Co, Ltd. v. Genius Elec. Optical Co.*, 2014 WL 6882275, at *6 (N.D. Cal. Dec. 5, 2014) (striking reference used as an example that teaches a claim element and not as background).

[8] *Accord Metaswitch Networks, Inc. v. Genband US, LLC*, No. 2:14-cv-744-JRG, Dkt. 289 at 8 (granting MIL to "Exclude any argument, testimony, evidence, or reference to prior art or prior art combinations that were not included in invalidity contentions or elected."); *Ziilabs Inc., Ltd. v. Samsung Elecs. Co.*, 2015 WL 7303352, at *2 (E.D. Tex. Aug. 25, 2015) ("Although the Court agrees with Defendant that such background art can be relied upon in an expert's report outside of the context of the P.R. 3–3 disclosures, the rules do not permit the expert to rely on those undisclosed references as the basis of his invalidity position."); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 2017 WL 11658860, at *1 (E.D. Tex. July 25, 2017) ("Defendant is precluded from relying on uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims."); *Red Rock Analytics, LLC v. Samsung Elecs., Co., Ltd.*, No. 2:17-CV-00101-RWS-RSP, Dkt. 244 (E.D. Tex. March 14, 2019) (same).

state of the art and what a person of ordinary skill would have known at the time of the invention; however, ***more than a passing reference may result in jury confusion and will violate this motion in limine***." *Intellectual Ventures I, LLC*, No. 2:17-CV-00577-JRG, Dkt. 294 (emphasis added).

**7.      Argument Suggesting that the Patent Purchase Agreement is Indicative of Damages**

Arigna moves under Rules 402 and 403 to preclude any argument by Conti's counsel (particularly during opening and closing), or any questioning on cross examination of Arigna's corporate representative, that the purchase price Arigna paid to acquire its patent portfolio is an indicator of the value in calculating damages for infringement of the '318 Patent.

Allowing Conti to focus on this fact in opening or closing statements, or to use it on cross examination of Arigna's witness, would severely prejudice Arigna because it improperly suggests that ▮▮▮▮▮▮▮▮▮▮ is relevant to calculating damages even though ***neither*** damages expert relies on it. Indeed, Conti's damages expert, Mr. Gutzler, admitted that the Patent Purchase Agreement (PPA) between Arigna and Mitsubishi ▮▮▮▮▮ ***is not a comparable license***. In his report, he unequivocally states that "***There are no license agreements*** that are technologically and economically comparable to the hypothetical license agreement between Conti and MEC that would have been negotiated in approximately mid-2012." Dkt. 148, Ex. 1 (Gutzler Rpt.) at 101.

Similarly, Mr. Gutzler does not rely in any way on the PPA ▮▮▮▮▮▮▮▮ in calculating a reasonable royalty. Instead, he sought to estimate Conti's anticipated profit margin and apportioned it one of two ways (by either 25% or ▮▮▮▮ *See id.* ¶¶ 251-255. Nowhere in his calculation of damages did he mention, let alone factor into his analysis, what Arigna paid for its patent portfolio.

To be sure, Mr. Gutzler generically opines that the PPA is a "relevant consideration," even though it never comes into play in Mr. Gutzler's hypothetical-negotiation analysis. And although

Arigna does not dispute that Conti is entitled to elicit Mr. Gutzler's generic testimony on direct examination, Conti should not be permitted to create a "shadow" damages opinion *that Mr. Gutzler never endorsed* by suggesting that damages for infringing the '318 Patent should be affected in any way by ███████████████████████████████. It would thus be impermissible for Conti's counsel to go outside the four corners of Mr. Gutzler's report—either in opening or closing, or on cross examination of Arigna's corporate representative—and insinuate that the purchase price is a factor the *jury* should consider when calculating damages.

In sum, given Conti's expert's admission that the PPA is not probative of the amount of damages, and given the potential for "unfair prejudice, confusing the issues, [and] misleading the jury" by suggesting the jury should consider the PPA when calculating damages, the Court should preclude Conti from addressing it during opening, closing, and cross examination of Arigna's corporate representative. Fed R. Evid. 403.

## 8.      Exclusion of Any Reference to *Daubert* Opinions in Other Litigations

Arigna moves under Rules 401, 402, and 403 to exclude any reference by either party to the fact that an expert has previously had an opinion excluded in any other case. "[A]llowing evidence that an expert has been excluded in other cases carries a significant risk of juror confusion and unfair prejudice." *Mobile Telecommunications Techs., LLC v. Clearwire Corp.*, No. 2:12-CV-308-JRG-RSP, 2014 WL 12663452, at *1 (E.D. Tex. Jan. 29, 2014) (granting motion *in limine*); *accord Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *2 (E.D. Tex. Jan. 31, 2015) ("To the extent Plaintiff does not elicit testimony or proffer evidence that Mr. Weinstein has been accepted by other courts, Defendants similarly shall not elicit testimony or proffer any evidence from other cases where his testimony was limited or excluded.").

On the parties' meet and confer, Conti explained that, although it agreed that prior *Daubert* orders are generally inadmissible, it should be permitted to introduce as impeachment evidence prior *Daubert* orders concerning an expert's prior opinions that were "tied to the facts of this case." When pressed, Conti could not identify an example of when such impeachment would be appropriate. Nor would such a rule be administrable at trial. There is no standard by which the parties or the Court could determine when an expert's prior excluded opinions are sufficiently "tied to the facts of this case" such that impeachment with an unrelated *Daubert* order would be proper. Arigna thus submits that no such exceptions should be permitted here, and that both parties should be prohibited entirely from referencing or eliciting any testimony concerning *Daubert* orders in any prior litigations.

## 9.     **Exclusion of Total/Lifetime Amount of Compensation**

Arigna moves to exclude any "reference to an expert's compensation from other cases, including that expert's total/lifetime amount of compensation." *Realtime Data LLC v. Echostar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 10466786, at *1 (E.D. Tex. Dec. 17, 2018) (granting the motion).

## 10.     **Financial Harm to Either Party**

Arigna also moves to exclude any attorney argument or the eliciting of any testimony suggesting that a verdict in one party's favor would cause the other party harm (or vice versa). Although Continental originally proposed this as a unilateral MIL, after Arigna indicated it would agree to the MIL only if it were bilateral (e.g., that neither party could make such arguments), Continental inexplicably withdrew the MIL. As a result, Arigna now requests that the Court enter an order prohibiting either party from making such arguments or eliciting such testimony, which has no probative value and would be highly prejudicial.

11

Specifically, Arigna asks the Court to enter an *in limine* order that: "The parties shall not introduce any evidence or testimony, or make attorney argument, comments, insinuation, or references to the possible consequences of a verdict in any  parties' favor, including … an award of enhanced damages, an award of attorney's fees, or arguments that a verdict would result in (1) consumers paying more for devices; (2) the economy being negatively impacted; … or ([3]) firings or layoffs." *Contentguard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 12915561, at *2 (E.D. Tex. Aug. 3, 2015).

**11.    Exclusion of Total/Lifetime Amount of Compensation**

Arigna moves to exclude any "reference to an expert's compensation from other cases, including that expert's total/lifetime amount of compensation." *Realtime Data LLC v. Echostar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 10466786, at *1 (E.D. Tex. Dec. 17, 2018) (granting the motion).

**12.    Precluding Testimony Regarding Subsequent Conversations With Thomas Livernois**

Out of an abundance of caution, Arigna moves in limine for an order precluding Defendants from eliciting any testimony from Mr. Eldon Leaphart—Conti's "substitute" expert who adopted verbatim the expert report of Conti's prior expert on the same subject matter, Dr. Thomas Livernois—about any conversations he had with Dr. Livernois after Mr. Leaphart adopted Mr. Livernois' prior report. Mr. Leaphart did not write his report, but instead "was presented with, at the time, [Mr. Livernois] report" to review and sign his name to. Dkt. 264, Ex. 1 (Leaphart Dep. Tr.) at 19. That written report formed the entire basis for Mr. Leaphart's "substitute" opinions, as Mr. Leaphart confirmed that he did not "discuss [his report] with Dr. Livernois" nor did he "see[] or talk[] with Dr. Livernois" about the matters contained in the report. Id. at 28. Defendants should not be permitted to backfill Mr. Leaphart's proffered opinions by allowing him to testify about any

12

conversations he may have had with Mr. Leaphart (or anyone else) about the contents of his "substitute" report after he signed it. See *RMail Ltd. v. Amazon.com, Inc.*, No. 2:10-CV-00258-JRG, 2019 WL 10375642, at \*5 (E.D. Tex. June 12, 2019) ("All expert witnesses—including Mr. Thomas—will be held to the disclosures contained within the four corners of their reports, and will not be permitted to backfill additional detail during trial testimony based on information that was not disclosed in the expert's report.").

Dated: September 19, 2022

Respectfully submitted,

/s/ *Matthew R. Berry*

Matthew R. Berry
Rachel S. Black
Andres Healy
John E. Schiltz
Steven M. Seigel
Danielle Nicholson
Emily A. Parsons
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Phone: (206) 516-3880
Fax: (206) 516-3883
mberry@susmangodfrey.com
rblack@susmangodfrey.com
ahealy@susmangodfrey.com
jschiltz@susmangodfrey.com
sseigel@susmangodfrey.com
dnicholson@susmangodfrey.com
eparsons@susmangodfrey.com

Meng Xi
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Phone: (713) 651-9366
Fax: (713) 653-7851
mxi@susmangodfrey.com

*Of Counsel:*

13

████████████████████████

T. John Ward, Jr.
Texas State Bar No. 00794818
Claire Abernathy Henry
Texas State Bar No. 24053063
Charles Everingham IV
Texas State Bar No. 00787447
Andrea L. Fair
Texas State Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Phone: (903) 757-6400
Fax: (903) 757-2323
jw@wsfirm.com
claire@wsfirm.com
ce@wsfirm.com
andrea@wsfirm.com

*Attorneys for Arigna Technology Limited*

14

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served on the parties to this action by electronically filing true and correct copies with the Clerk of the Court using the ECM/ECF system which automatically sent notification by e-mail of such filing to the counsel of record on September 19, 2022.

/s/ Matthew R. Berry
Matthew R. Berry

**CERTIFICATE OF CONFERENCE**

I certify that a counsel for the parties met and conferred regarding this motion, and that counsel for Defendants indicated that Defendants opposed.

/s/ Matthew R. Berry
Matthew R. Berry

15