# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ARIGNA TECHNOLOGY LIMITED** § § § § § § § | Case No. 2:22-cv-00126-JRG-RSP |
| v. | Jury Trial Demanded |
| **ADC AUTOMOTIVE DISTANCE CONTROL SYSTEMS GMBH, et al.** | LEAD CASE |
| **ARIGNA TECHNOLOGY LIMITED** § § § § § § § § | Case No. 2:22-cv-00297-JRG-RSP |
| v. | Jury Trial Demanded |
| **NISSAN MOTOR CO., LTD. et al.** | MEMBER CASE |

**DEFENDANT CONTI'S OMNIBUS MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

1. Arigna Should Be Precluded from Offering Testimony, Evidence or Argument Referencing IPR and Ex Parte Reexamination Proceedings ................................................. 1

2. Arigna Should Be Precluded from Offering Testimony, Evidence or Argument Referencing Negative Unrelated News, Such As, Vehicle Accidents ................................ 2

3. Arigna Should Be Precluded from Offering Testimony, Evidence or Argument Suggesting Conti "Manufactured" Documents .................................................................... 3

4. Arigna Should Be Precluded from Offering Testimony, Evidence or Argument Referencing Defendants' Entry Into A Joint Defense Or Common Interest Agreement and the Existence of a Joint Defense or Common Interest Privilege ........................................ 5

5. Arigna Should Be Precluded From Offering Evidence, Testimony, Or Argument At Trial Concerning Any Indemnification Agreements And/Or Requests For Indemnification Made By Any Defendant(s) ................................................................................................. 6

6. The Parties Should Be Precluded from Offering Testimony, Evidence or Argument Regarding Certain Persons in the Courtroom .................................................................... 7

7. Arigna Should Be Precluded from Offering Testimony, Evidence or Argument Regarding Other Defendants That Are Not Present At Trial, Including the Publishing of the Case Caption (unless revised) to the Jury ..................................................................... 7

8. Plaintiff Should Be Precluded From Introducing Evidence of Compliance with 35 U.S.C. § 287 ..................................................................................................................................... 8

**TABLE OF AUTHORITIES**

**Page(s)**

Federal Cases

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*
  876 F.3d 1350 (Fed. Cir. 2017)..................................................................................................7

*AstraZeneca AB v. Apotex Corp.*
  782 F.3d 1324 (Fed. Cir. 2015)..................................................................................................1

*Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*,
  906. F.Supp.2d 399 (W.D. Pa. 2012)........................................................................................8

*Chambers v. Penrod Drilling Co.*
  No. 87-3318, 1990 WL 66372 (E.D. La. 1990).......................................................................6

*Curtis Mfg. Co. v. Plasti-Clip Corp.*
  933 F. Supp. 94 (D.N.H. 1995).................................................................................................6

*DataTreasury Corp. v. Wells Fargo & Co.*
  No. 2:06cv72, 2010 WL 11468934 (E.D. Tex. Oct. 5, 2010)...................................................5

*DataTreasury Corp. v. Wells Fargo & Co.*
  No. 2:06cv72, 2010 WL 11538713 (E.D. Tex. Feb. 26, 2010) ............................................4, 7

*Ericsson, Inc. v. D-Link Sys., Inc.*
  773 F.3d 1201 (Fed. Cir. 2014)..................................................................................................1

*Express Mobile, Inc. v. Liquid Web, LLC*
  No. 18-cv-01177-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019).......................................7

*In re Gabapentin Patent Litig.*
  MDL No. 1384, 2011 WL 1807448 (D.N.J. May 12, 2011) ...................................................6

*Halladay v. Verschoor*
  381 F.2d 100 (8th Cir. 1967) ....................................................................................................6

*Image Processing Tech. v. Samsung Elecs., Co.*
  No. 2:20-CV-00050-JRG-RSP, ECF No. 171 (E.D. Tex. June 8, 2020)...............................2, 3

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*
  No. 4:14-CV-371, 2016 WL 3902447 (E.D. Tex. Feb. 1, 2016)..............................................2

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*
  No. 2:21-CV-00113-JRG, ECF No. 229 (E.D. Tex. Aug. 10, 2022).......................................2

*Longhorn HD LLC v. NetScout Systems, Inc.*
  No. 2:20-CV-00349-JRG-RSP, ECF No. 119 (E.D. Tex. Mar. 2, 2022) .................................2

*Lucent Techs., Inc. v. Gateway, Inc.*
    580 F.3d 1301 (Fed. Cir. 2009)..................................................................................1

*Maxwell*
    86 F.3d at 1111 .........................................................................................................7

*Pinal Creek Grp. v. Newmont Min. Corp.*
    No. CV-91-1764-PHX-DAE, 2006 WL 1766494 (D. Ariz. June 26, 2006) .............4

*Transdata, Inc. v. CenterPoint Energy Houston Elec. LLC*
    No. 6:10cv557, 2016 WL 11677492 (E.D. Tex. July 1, 2016)..................................5

*United Services Automobile Ass'n v. PNC Bank N.A.*
    No. 2:20-CV-00319-JRG-RSP (E.D. Tex. April 11, 2022)......................................3

*ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*
    No. 2:14-CV-203-JRG-RSP, 2015 WL 13617214 (E.D. Tex. Oct. 28, 2015) ..........3

<u>Federal: Statutes, Rules, Regulations, Constitutional Provisions</u>

Federal Rules of Civil Procedure
    Rule 26(a)...................................................................................................................8
    Rule 26(e)...................................................................................................................8
    Rule 37(c)(1)..............................................................................................................8

Federal Rules of Evidence
    Rule 401 ............................................................................................................ *passim*
    Rule 402 ............................................................................................................ *passim*
    Rule 403 ............................................................................................................ *passim*
    Rule 411 .....................................................................................................................6

Title 35 United States Code
    § 287.......................................................................................................................7, 8
    § 287(a) ......................................................................................................................7

Defendants Continental AG; Conti Temic Microelectronic GmbH; and ADC Automotive Distance Control Systems GmbH (collectively "Conti") respectfully move the Court *in limine* for an order excluding any reference, evidence, testimony, or arguments concerning the following.

**1.   Arigna Should Be Precluded from Offering Testimony, Evidence or Argument Referencing IPR and Ex Parte Reexamination Proceedings**

Arigna should be precluded from referring to the filing of reexamination proceedings or IPRs against the '318 Patent, or any decisions, office actions, appeals, or other results in those proceedings. For instance, Arigna seeks to introduce evidence at trial as to the addition of claims 3-14 during a first reexamination of the '318 Patent; those claims are not asserted in this action. *See, e.g.*, Ex. A Arigna Trial Exhibit List (PTX-1179, PTX-1184). Arigna may also seek to introduce evidence related to a denial of a petition for IPR; a denial not based on the merits.[1] Ex. C, IPR2021-01263, Paper 16. Such reexamination and IPR evidence is irrelevant, unduly prejudicial, and confusing to jurors. FRE 401-403. For example, references to or publishing the unasserted "vehicle radar system" claims may confuse the jury and baselessly inflate the value of the asserted claims directed to only a "voltage controlled oscillator"—a single microchip among many components in a radar system.[2] References to the results of any IPRs or reexaminations could also confuse the jury as to the proper presumption of validity due to the patent. Courts in

---

[1] The USPTO has recently ordered a second *ex parte* reexamination on the asserted claims in this case. Ex. B, Order Granting Request for Reexamination Proceeding, No. 90/019,063 (USPTO May 16, 2022).

[2] "When a patent covers the infringing product as a whole, and the claims recite both conventional elements and unconventional elements, the court must determine how to account for the relative value of the patentee's invention in comparison to the value of the conventional elements recited in the claim, standing alone." *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1338 (Fed. Cir. 2015); *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014) ("[T]he ultimate reasonable royalty must be based on the incremental value that the patented invention adds to the end product."); *see also Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1310, 1338 (Fed. Cir. 2009) (observing that expert's use of "the price of the entire computer as a royalty base" for a method claim was improper, even though a computer was recited in the claim language).

this District routinely exclude mention of such materials at trial. *See, e.g.*, *Image Processing Tech. v. Samsung Elecs., Co.*, No. 2:20-CV-00050-JRG-RSP, ECF No. 171, at 10 (E.D. Tex. June 8, 2020); *see also Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-CV-371, 2016 WL 3902447, at *1-2 (E.D. Tex. Feb. 1, 2016); *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00113-JRG, ECF No. 229, at 12 (E.D. Tex. Aug. 10, 2022); *Longhorn HD LLC v. NetScout Systems, Inc.*, No. 2:20-CV-00349-JRG-RSP, ECF No. 119, at 2 (E.D. Tex. Mar. 2, 2022).

**2.     Arigna Should Be Precluded from Offering Testimony, Evidence or Argument Referencing Negative Unrelated News, Such As, Vehicle Accidents**

Arigna should be precluded from offering evidence concerning the causation of vehicle accidents of the Vehicle Defendants,[3] such as implying that such were caused by using a non-radar ADAS system. Discussion of this subject would necessarily require expert testimony—that Arigna has not disclosed—and has no probative value, creates unfair prejudice, and risks misleading, inflaming, or confusing the jury. For instance, Arigna seeks to introduce Plaintiff's Exhibits 271-272, which relate to the Office of Defects Investigation (ODI) of the National Highway Traffic Safety Administration (NHTSA) opening a preliminary evaluation of unexpected brake activation in certain Tesla models, which has no connection to the presence (or absence) of radar or temperature compensation in radar. *See, e.g.*, Ex. A, Arigna Trial Exhibit List (PTX-271, PTX-272). Arigna also seeks to submit irrelevant and unrelated news articles about Vehicle Defendants related to vehicle accidents and alleged Autopilot safety issues. *See id.*, Ex. A, Arigna Trial Exhibit

---

[3] Vehicle Defendants are Toyota Motor Corporation; Toyota Motor North America, Inc.; Nissan Motor Co., Ltd.; Nissan North America, Inc.; Tesla, Inc.; Tesla Motors TX, Inc.; and General Motors LLC, and may further include Defendants Bayerische Motoren Werke AG, BMW of North America, LLC, Volkswagen AG, Volkswagen Group of America, Inc., Daimler AG, Mercedes-Benz USA, LLC as Arigna's Trial Exhibit List includes documents produced by these parties. *See e.g.*, PTX 149, PTX 157, PTX 179.

List (PTX-269, PTX-270). Arigna has no expert evidence to show that "phantom" brake activation or vehicle accidents have anything to do with radar. Allowing Arigna to submit evidence relating to vehicle accidents may foster an undue tendency to suggest liability based on an unrelated misfortune. It could also create a false impression that Vehicle Defendants do not care about their customers' safety and welfare. These dangers far outweigh any probative value, as they are entirely unrelated to the claims and defenses at issue in this litigation. FED. R. EVID. 401-403; *see Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:20-cv-00050-JRG-RSP, ECF No. 171, at 10 (E.D. Tex. June 8, 2020) (granting "Samsung's MIL No. 12: Negative Unrelated News"); *see also ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*, No. 2:14-CV-203-JRG-RSP, 2015 WL 13617214, at *2 (E.D. Tex. Oct. 28, 2015) (precluding any evidence referencing unrelated governmental investigation).

### 3.  Arigna Should Be Precluded from Offering Testimony, Evidence or Argument Suggesting Conti "Manufactured" Documents

Arigna has made the unsubstantiated claim that Conti "manufactured" certain documents. *See, e.g.*, Ex. D (7/19/22 Hearing Tr. at 57:5:12 ("They're manipulating the numbers in some way.")). For example, Arigna claims that certain financial documents produced by Conti were created solely for purposes of this litigation, the tables therein are missing information from Conti's systems and are not summaries of an export from those systems, and the numbers contained in the table either have changed over time without explanation or do not match the information produced by the non-Continental Defendants without explanation. *See* Dkt. 58 at 4-5; *see also* Ex. XX (7/19/22 Hearing Tr., at 55:10-13, 55:22-24, 57:8-12).

Arigna's insinuations are entirely unfounded. *See, e.g.,* Ex. E (Dep. Gutzler, at 184:10-20, 192:8-12). Conti has provided explanations in response to Arigna's allegations of inaccuracies and incomplete data and that the documents at issue are extracts of Conti's business records. *See* Dkt.

-3-

86 at 4; Ex. D (7/19/22 Hearing Tr., at 69:13-70:12); *United Services Automobile Ass'n v. PNC Bank N.A.*, No. 2:20-CV-00319-JRG-RSP at 9 (E.D. Tex. April 11, 2022) (Dkt. 579) (granting motion *in limine*: "No suggestion of 'manufactured' documents"). Moreover, at least a week and a half has passed since Conti completed producing two months of underlying documents to corroborate those summary documents providing unit counts, revenues, costs, sales price for the Accused Product, and the purchase price of the NXP MR2001 chip. Ex. F (9/8/22 Email). Arigna has raised no complaints.

If Arigna has questions of authenticity, those questions should be addressed and decided by this Court outside of the presence of the jury. *See United Services Automobile Ass'n*, No. 2:20-CV-00319-JRG-RSP at 9 ("Arguments regarding the authenticity of exhibits are for the Court."). Arigna should be precluded from eliciting testimony or making any such statements or suggestions of "manufactured" documents at trial. Although Conti could rebut these allegations, it would be false testimony, would waste the jury's time, and would not un-ring the bell on these highly inflammatory claims. *See Pinal Creek Grp. v. Newmont Min. Corp.*, No. CV-91-1764-PHX-DAE, 2006 WL 1766494, at *1 (D. Ariz. June 26, 2006) ("Motions *in limine* avoid the obviously futile attempt to unring the bell once the evidence has been presented before the jury.") (internal quotation marks omitted); Fed. R. Evid. 402, 403. Such allegations are irrelevant to the merits of Arigna's infringement allegations and thus the only purpose would be an effort to unfairly prejudice the jury against Conti.

4.  **Arigna Should Be Precluded from Offering Testimony, Evidence or Argument Referencing Defendants' Entry Into A Joint Defense Or Common Interest Agreement and the Existence of a Joint Defense or Common Interest Privilege**

Conti requests that the Court preclude Plaintiff from referencing, arguing about, or offering evidence related to Defendants' entry into a joint defense agreement with other Defendants,[4] and the existence of a joint defense or common interest privilege. *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06cv72, 2010 WL 11538713, *22 (E.D. Tex. Feb. 26, 2010) ("[A]ny probative value of discussing the joint defense privilege or an actual joint defense agreement is substantially outweighed by the danger of unfair prejudice."); *see also DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06cv72, 2010 WL 11468934, *21 (E.D. Tex. Oct. 5, 2010) (same). Defendants were well within their rights, and the rules, to enter into a defense agreement, and no negative inference from it should be permitted. Furthermore, the existence of any joint defense agreement or common interest privilege among the defendants and/or with NXP is not relevant to any issue the jury must decide, and therefore, any testimony, evidence or argument concerning the same should be excluded under Federal Rules of Evidence 401 and 402. Allowing such testimony, evidence or argument would also create a significant risk of unfair prejudice by creating the false impression that Defendants' entry into the joint defense agreement was improper, evidence of a conspiracy, or an admission of guilt, and therefore, should also be excluded under Federal Rule of Evidence 403.

---

[4] "Defendants" refers collectively to "Conti" and the "Vehicle Defendants".

5. **Arigna Should Be Precluded From Offering Evidence, Testimony, Or Argument At Trial Concerning Any Indemnification Agreements And/Or Requests For Indemnification Made By Any Defendant(s)**

It is anticipated that Plaintiff will attempt to introduce as evidence (a) indemnity clauses in Conti's agreements with manufacturers like the Vehicle Defendants[5] and/or with third-party NXP,[6] or (b) requests made by one or more Defendant for defense and/or indemnification related to same. Such evidence is irrelevant to the question of infringement or damages and should be precluded on that basis. FED. R. EVID. 401, 402, 403; *see also Transdata, Inc. v. CenterPoint Energy Houston Elec. LLC*, No. 6:10cv557, 2016 WL 11677492, *2 (E.D. Tex. July 1, 2016) (granting two motions *in limine* to preclude discussion of indemnity agreements).

This issue was squarely before the United States District Court for the District of New Jersey in *In re Gabapentin Patent Litig.*, MDL No. 1384, 2011 WL 1807448 (D.N.J. May 12, 2011). The court noted that "[u]se of evidence of liability insurance or an indemnification agreement to establish that Defendants 'acted . . . wrongfully' runs afoul of Rule 411 [of the Federal Rules of Evidence]." *Id.*; *see also Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir. 1967) ("Unless the fact that the plaintiff is insured or otherwise indemnified is a material issue in the case . . . it has been almost universally held that the receipt of such evidence constitutes prejudicial error sufficient to require reversal."); *Curtis Mfg. Co. v. Plasti-Clip Corp.*, 933 F. Supp. 94, 100 (D.N.H. 1995) (holding indemnification agreement inadmissible under Rule 411); *Chambers v. Penrod Drilling Co.,* No. 87-3318, 1990 WL 66372, at *1 (E.D. La. 1990) ("[The indemnity agreements are] irrelevant to the jury's task. Introduction of this evidence would only confuse the jury's understanding of the alignment and action of the parties. It would invite a highly prejudicial,

---

[5] *See e.g.*, PTX 061.
[6] *See e.g.*, PTX 381.

unwarranted, and factually insupportable inference that [the co-defendants] entered these agreements to avoid responsibility. . . .”); FED. R. EVID. 411.

Indemnification agreements, requests to indemnify, refusals to indemnify and other indemnity-related issues are irrelevant to any issue at trial and risk confusing the jury and unfairly prejudicing the jury. Accordingly, any reference to, reliance on, mention, or introduction, in any way, of evidence related to indemnification should be precluded.

### 6. The Parties Should Be Precluded from Offering Testimony, Evidence or Argument Regarding Certain Persons in the Courtroom

The Court should exclude any reference to anyone sitting in the courtroom other than witnesses, counsel for the parties at trial, the parties' respective corporate representatives, or court personnel pursuant to FED. R. EVID. 401, 402, and 403. Any reference to the role of any other person in the courtroom has no probative value in this case. The only purpose of making reference to such information would be to prejudice a party. As recognized by a court in this District, it is appropriate to require counsel to approach the bench to seek leave prior to making any such references. *See DataTreasury*, 2010 WL 11538713, at *22. Accordingly, the Court should preclude either party from making any such reference under FED. R. EVID. 401, 402 and 403.

### 7. Arigna Should Be Precluded from Offering Testimony, Evidence or Argument Regarding Other Defendants That Are Not Present At Trial, Including the Publishing of the Case Caption (unless revised) to the Jury

Conti is the only Defendant being tried at this time. Plaintiff should be precluded from introducing or referring to the fact that there are other Defendants that have been sued, either through general statements or by identifying other Defendants by name. Thus, unless modified, Plaintiff should be precluded from publishing the case caption to the jury as it identifies Defendants not at trial. The fact that Defendants other than those at trial were or are still in this or a related case is irrelevant to any of the claims to be tried to the jury, will only lead to the risk of jury

confusion, and should be excluded by FED. R. EVID. 401, 402, and 403. This is especially the case as Plaintiff has asserted that the Vehicle Defendants infringe based on their use of the accused Conti ARS4 radar module. Allowing evidence that the Vehicle Defendants were separately charged with infringement but are not at trial will unfairly prejudice Conti at trial.

### 8.  Plaintiff Should Be Precluded From Introducing Evidence of Compliance with 35 U.S.C. § 287

"The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1365-66 (Fed. Cir. 2017) (citing *Maxwell*, 86 F.3d at 1111). This burden is not discharged simply because the patent owner alleges there are no products to mark. *See Express Mobile, Inc. v. Liquid Web, LLC*, No. 18-cv-01177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019) (dismissing pre-suit damages for failure to plead § 287 compliance even though plaintiff argued there was no product to mark). In all three of the Complaints filed in this case, Arigna failed to even ***plead*** compliance with § 287. And while Arigna provided licenses to the '318 Patent to Mitsubishi and Microchip, neither license includes a contractual obligation for the licensee to mark any products with the patent number. Moreover, despite Defendants serving an interrogatory specifically asking Arigna to identify any evidence to show that its licensees complied with 35 U.S.C. § 287, Arigna failed to identify any such evidence. Ex. G (Arigna Response to Common Rog No. 5). Arigna's corporate representative further testified that the subject of marking never came up during its negotiations with its licensees and that Arigna had no knowledge as to whether its licensees had marked any products with the '318 patent number. Ex. H (Padian Tr. at 342:4-9; 353:1-13).

Rule 37(c)(1) provides that "[i]f a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Here, Arigna

has identified no relevant evidence during discovery and can provide no justification for introducing any newly identified evidence of marking at trial. As a result, Arigna should be precluded from offering evidence at trial to show that Mitsubishi or Microchip marked any products in compliance with 35 U.S.C. § 287 or that Arigna took reasonable steps to ensure its licensee's compliance. *See Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd.*, 906. F.Supp.2d 399 (W.D. Pa. 2012) (granting motion *in limine* excluding evidence of marking when patent owner failed to provide any evidence during discovery).

Dated: September 19, 2022

*/s/ John R. Keville*
John R. Keville
Texas State Bar No. 00794085
jkeville@sheppardmullin.com
Michelle C. Replogle
Texas State Bar No. 24034648
mreplogle@sheppardmullin.com
Robert L. Green
Texas State Bar No. 24087625
rgreen@sheppardmullin.com
Michael C. Krill
mkrill@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP
700 Louisiana Street, Suite 2750
Houston, TX 77002-2791
Telephone: (713) 431-7100
Facsimile:(713) 431-7101

Andrew J. Koopman
Christopher H. Blaszkowski
RatnerPrestia
2200 Renaissance Blvd. Ste. 350
King of Prussia, PA 19406
Telephone: 610-407-0700
Facsimile: 610-407-0701
akoopman@ratnerprestia.com
cblaszkowski@ratnerprestia.com
*Attorneys for Defendants, Continental AG, Conti Temic Microelectronic GmbH, and ADC Automotive Distance Control Systems GmbH*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document and exhibits have been served on all counsel of record via electronic mail on this 19th day of September, 2022.

*/s/ John R. Keville*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7, I certify that counsel for Conti met and conferred with counsel for Arigna on September 15, 2022 and subsequent email correspondences. Arigna opposes the Motions *in Limine* included in this document

*/s/ John R. Keville*