IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ARIGNA TECHNOLOGY LIMITED, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> NISSAN MOTOR COMPANY, LTD., ET § <br> AL., § <br> § <br> *Defendants*. § | Case No. 2:22-cv-00126-JRG-RSP |

<u>**MEMORANDUM ORDER**</u>

Before the Court is the Motion to Exclude Motion to Exclude Opinions of Gary Gutzler Relating to Technical Apportionment filed by Plaintiff Arigna Technology Limited. **Dkt. No. 148**. For the following reasons, the motion is **DENIED**.

**I.     Background**

Arigna filed suit against vehicle part supplier Continental[1] and several of its vehicle manufacturer customers[2] alleging infringement of U.S. Patent No. 7,397,318 ("'318 Patent") directed to a voltage-controlled oscillator for use in a microchip. Case No. 2:22-cv-00054 Dkt. No. 182.[3] Arigna alleges that Continental and the customer defendants manufacture, offer for sale, and/or sell automotive vehicles and components thereof that incorporate the NXP Semiconductors MR2001 chip package ("NXP MR2001 chip") and that the NXP MR2001 chip infringes the '318 Patent. Case '54 Dkt. No. 182 ¶¶ 124, 172, 182, 193, 205, 216.

---

[1] Continental AG, Conti Temic Microelectronic GmbH, and ADC Automotive Distance Control Systems GmbH (collectively, "Continental").

[2] Including Nissan Motor Co., Ltd. and Nissan North America, Inc. (collectively "Nissan"); Tesla, Inc. and Tesla Motors TX, Inc. (collectively "Tesla"); Toyota Motor Corporation and Toyota Motor North America, Inc. (collectively "Toyota"); and General Motors LLC ("GM").

[3] For procedural reasons not relevant here, Case No. 2:22-CV-00126 ("Case '126") was born by severance of the instant defendants from Case No. 2:21-cv-00054 ("Case '54). Compare Case '54 Dkt. No. 467 with Case '126 Dkt. 1.

On February 2, 2022, the Court stayed the case pending additional guidance on venue from the Federal Circuit in a similar case. Case '54 Dkt. No. 464. On April 27, 2022, the Court lifted the stay and severed Continental and the customer defendants into Case '126 with an order to jointly propose an updated schedule of deadlines. Case '54 Dkt. No. 467; Case '126 Dkt. No. 1. The Amended Docket Control Order set an August 1, 2022 deadline to serve disclosures of rebuttal expert reports, and an August 8, 2022 deadline to complete expert discovery. Case '126 Dkt. No. 221 at 4.

On August 1, 2022, Continental served the rebuttal reports of its damages expert, Mr. Gutzler, on Arigna. Case '126 Dkt. No. 148 at 2. Mr. Gutzler calculated a reasonable royalty basing his estimate on two separate methodologies to determine the royalty rate, including: (1) a conventional art analysis apportionment with a factor of 25%, and (2) a functional block analysis apportionment with a factor of 7.1%. *Id.* In his damages report, Mr. Gutzler relies on and cites to a conversation with Continental's damages expert, Dr. Neikirk, to arrive at the apportionment factors of 25% and 7.1%, respectively. Case '126 Dkt. No. 190 at 10.

Arigna moves to exclude Mr. Gutzler's opinions relating to technical apportionment because Arigna asserts that the methodologies underlying Mr. Gutzler's apportionment analysis rely solely on the conversation with Dr. Neikirk and were never disclosed as required by Rule 26(a)(2) or the Court's scheduling order. Case '126 Dkt. No. 148 at 1.

II.     **Legal Standard**

Rule 26(a) requires a party to disclose during discovery information "considered by" testifying experts. Fed.R.Civ.P. 26. An expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the data or other

information considered by the witness in forming them." *Id.* 26(a)(2)(B). The Amended Discovery Order (Case '54 Dkt. No. 270 at 2–4) provides additional requirements for testifying experts.

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Federal Rule of Evidence 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although there are various factors that the district court may consider in determining admissibility the ultimate inquiry is whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial

3

court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III.  Analysis

Arigna frames the issue as a *Daubert* analysis preconditioned on an evidentiary violation. *See* Case '126 Dkt. No. 148 at 1. Therefore, a finding that there was no violation of Rule 26 or the Amended Discovery Order resolves the attack on Mr. Gutzler's apportionment analysis. The Court concludes there was no violation, and consequently, that Mr. Gutzler's apportionment analysis will not be stricken.

First, Arigna argues that Dr. Neikirk never disclosed the apportionment methodologies that Mr. Gutzler relied on for his damages opinions. Case '126 Dkt. No. 148 at 1.  However, Mr. Gutzler's damages report contains multiple citations to a conversation with Dr. Neikirk in order to support his apportionment analysis. Case '126 Dkt. No. 190-3 at 14, 15, 18, and 24. After Mr. Gutzler served his rebuttal damages report on August 1, 2022, Arigna deposed Mr. Gutzler on August 4, 2022, and Dr. Neikirk on August 11, 2022 without probing the apportionment methodologies or the conversation identified in Mr. Gutzler's report. Case '126 Dkt. No. 190 at 7. Under the circumstance, the reliance did not violate Rule 26 or the Amended Discovery Order.

Second, Arigna argues that case law supports exclusion. Case '126 Dkt. No. 214 at 1. However, the cases cited by Arigna excluded evidence because there was no reasonable opportunity to explore the evidence during discovery. *See Finalrod IP, LLC v. Endurance Lift Solutions, Inc.*, No. 2:20-cv-00189-JRG-RSP, Dkt. 144, 2021 WL 4906217, at *3 (E.D. Tex. Oct. 20, 2021) (striking portions of damages expert opinions regarding non-infringing alternatives to

the extent it relied upon a conversation with the technical expert because during deposition the technical expert could not recall conversation related to non-infringing alternatives, nor was it disclosed in his report); *see also Gen. Access Solutions, Ltd. v. Sprint Spectrum LLC*, No. 2:20-cv-007-RWS, Dkt. 360 (E.D. Tex. July 28, 2021) (striking portions of damages expert's opinions regarding technical comparability to the extent it relied upon conversations with technical expert because the information could have been included in the opening reports but was first presented in a supplemental damages report served during depositions of the technical expert). Here, in contrast to *Finalrod* and *Gen. Access Solutions*, Arigna had a reasonable opportunity to explore the conversation between Dr. Neikirk and Mr. Gutzler.

Third, there is no *per se* rules against relying on a conversation between experts. Rather, Mr. Gutzler is permitted to rely on "a technical expert in the industry to help form [his] damages opinion." *See Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014) ("Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field.") (citing *Dura Automotive Sys. of Ind., Inc. v. CTS Corp.*, 285 F.3d 609, 609–613 (7th Cir. 2002)) ("[I]t is common in technical fields for an expert to base an opinion in part on what a different expert believes on the basis of expert knowledge not possessed by the first expert.").

Since Mr. Gutzler is permitted to rely on the conversation with Dr. Neikirk, the conversation provides a basis for the apportionment methodologies. The apportionment methodologies are reasonable and sufficiently tied to the facts of the case, Mr. Gutzler's apportionment analysis is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. Determining the accuracy of the apportionment methodology is for the jury. *See Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015). Furthermore, the apportionment methodologies resulting from Mr. Gutzler's conversation with Dr.

Neikirk are consistent with methodologies the Federal Circuit has found reliable. *See Finjan, Inc. v. Blue Coat Systems, Inc.*, 879 F.3d 1299, 1312–1313 (Fed. Cir. 2018) (holding that the jury was entitled to believe the patentee's expert whose apportionment analysis between infringing and non-infringing functionality identified twenty-four separate functions and assigned each of the functions an equal value).

## IV.  Conclusion

For the reasons stated above, the motion is denied.

**SIGNED this 24th day of October, 2022.**

                                             ROY S. PAYNE
                                             UNITED STATES MAGISTRATE JUDGE