**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ARIGNA TECHNOLOGY LIMITED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:22-cv-00126-JRG-RSP |
| | § | |
| NISSAN MOTOR COMPANY, LTD., ET AL., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON MOTIONS *IN LIMINE***

The Court held a Pretrial Conference in this case on October 7, 2022, regarding motions *in limine* filed by Plaintiff Arigna Technology Limited (Dkt. No. 266), and motions *in limine* filed by Defendants Continental AG, Conti Temic Microelectronic GmbH, and ADC Automotive Distance Control Systems GmbH (collectively, "Continental") (Dkt. No. 268). This Order summarizes and memorializes the Court's rulings and reasons, including additional instructions given to the parties. While this Order memorializes such rulings, it in no way limits or constrains the Court's rulings as announced into the record from the bench. Further, a party must approach the bench before introducing evidence or argument about the subject matter of a motion *in limine* that has been granted. Accordingly, it is hereby **ORDERED** as follows:

1

**A. Arigna's Motions *in Limine* (Dkt. No. 266)**

1. <u>Plaintiff's MIL No. 1</u>: Motion to preclude references to investors, investor models, and attorneys' fee arrangements.

This motion *in limine* is **GRANTED** to exclude any reference to investors, investor models, and attorneys' fee arrangements. If Continental believes Plaintiff has opened the door by making a "David vs Goliath" argument, Continental may seek leave from Judge Gilstrap.

2. <u>Plaintiff's MIL No. 2</u>: Motion to preclude disparaging descriptions of Arigna's business model.

This motion *in limine* is **GRANTED**, except for the term "non-practicing entity."

3. <u>Plaintiff's MIL No. 3</u>: Motion to preclude non-infringement arguments based on preferred embodiments.

This motion *in limine* is **GRANTED AS MODIFIED**. Continental is ordered not to make comparisons between the accused product and the preferred embodiments in the specification for purposes of non-infringement.

4. <u>Plaintiff's MIL No. 4</u>: Motion to preclude comparisons of the NXP MR2001 chip to prior art.

This motion *in limine* is **GRANTED** as to non-infringement arguments or questions.

5. <u>Plaintiff's MIL No. 5</u>: Motion to preclude references to other litigations brought by the parties, their investors, or related entities.

This motion *in limine* is **GRANTED**, with the understanding that it does not prevent the use of prior sworn testimony from other litigations for impeachment without the mention of the other litigation.

6. <u>Plaintiff's MIL No. 6</u>: Motion to preclude relying on "background art" to prove invalidity by arguing that it teaches or discloses specific claim elements.

This motion *in limine* is **GRANTED** as agreed.

7. <u>Plaintiff's MIL No. 7</u>: Motion to preclude argument suggesting that the patent purchase agreement is indicative of damages.

This motion *in limine* is **DENIED**.

8. <u>Plaintiff's MIL No. 8</u>: Motion to preclude of any reference to *Daubert* opinions in other litigations.

This motion *in limine* is **GRANTED** to preclude court rulings in other cases from being discussed in front of the jury. If Continental believes a prior court ruling is relevant as a basis to exclude expert testimony in this case, then Continental may only raise that out of the presence of the jury.

9. Plaintiff's MIL No. 9: Motion to preclude any reference to an expert's total/lifetime amount of compensation.

This motion *in limine* is **GRANTED,** except to the extent that each side is allowed to ask about total compensation of any expert over the course of their work for the other party.

10. Plaintiff's MIL No. 10: Motion to preclude argument or eliciting of any testimony suggesting that a verdict in one party's favor would cause the other party harm.

This motion *in limine* is **GRANTED AS MODIFIED**. The parties are precluded from introducing evidence or testimony, or making attorney arguments, comments, insinuating, or referencing harm to either party's business that would result from of a verdict in the other party's favor, including an award of enhanced damages, an award of attorney's fees, or arguments that that a verdict would result in (1) consumers paying more for devices; (2) the economy being negatively impacted; or (3) firings or layoffs.

11. Plaintiff's MIL No. 11: Motion to preclude exclusion of total/lifetime amount of compensation.

This motion *in limine* is **WITHDRAWN**.

12. Plaintiff's MIL No. 12: Motion to preclude testimony regarding subsequent conversations with Thomas Livernois.

This motion *in limine* is **WITHDRAWN**.

**B.    Continental's Motions *in Limine* (Dkt. Nos. 268)**

1. <u>Defendant's MIL No. 1</u>: Motion to preclude testimony, evidence or argument referencing IPR and *ex parte* reexamination (EPR) proceedings.

This motion *in limine* is **GRANTED** to the extent of the IPR; and also to the extent of the EPR other than to allow Arigna to question its witness or Continental's witness about the fact that these certain references were considered by the USPTO in connection with the claims in this case (without mentioning that the references were considered only through the EPR).

2. <u>Defendant's MIL No. 2</u>: Motion to preclude testimony, evidence or argument referencing negative unrelated news, such as, vehicle accidents.

This motion *in limine* is **DENIED**.

3. <u>Defendant's MIL No. 3</u>: Motion to preclude testimony, evidence or argument suggesting Continental "manufactured" documents.

This motion *in limine* is **GRANTED** to the use of the term "manufactured" or a similarly perjorative term. Arigna is not precluded from stating that Continental's financial information was generated for purposes of the litigation.

4. <u>Defendant's MIL No. 4</u>: Motion to preclude testimony, evidence or argument referencing defendants' entry into a joint defense or common interest agreement and the existence of a joint defense or common interest privilege.

This motion *in limine* is **GRANTED** to the extent of excluding references to a joint defense agreement or a common interest privilege. Arigna is not precluded from referencing the

fact that the vehicle manufacturers are defendants in related litigation, to the extent their employees are called as witnesses, either live or by deposition, and thus work for parties that are also defending against these claims.

5. Defendant's MIL No. 5: Motion to preclude testimony, evidence or argument at trial concerning any indemnification agreements and/or requests for indemnification made by any defendant(s).

This motion *in limine* is **GRANTED**. Arigna is not precluded from otherwise exploring cooperation between NXP, the vehicle defendants, and Continental.

6. Defendant's MIL No. 6: Motion to preclude testimony, evidence or argument regarding certain persons in the courtroom.

This motion *in limine* is **GRANTED** as to representatives of the vehicle defendants and NXP. If Arigna believes that it is important to be able to question NXP's witness based on what has been going on in the courtroom, then Arigna may seek leave, on a showing of good cause, from Judge Gilstrap.

7. Defendant's MIL No. 7: Motion to preclude testimony, evidence or argument regarding other defendants that are not present at trial, including the publishing of the case caption (unless revised) to the jury.

This motion *in limine* is **DENIED** as overbroad.

8. <u>Defendant's MIL No. 8</u>: Motion to preclude introducing evidence of compliance with 35 U.S.C. § 287.

This motion *in limine* is **DENIED** as being moot, as marking is no longer in the case.

**C. Stipulated Motions *in Limine* (Dkt. No. 265)**

1. <u>Stipulated MIL No. 1</u>: Neither party will reference the race, national origin, religion, sexual orientation, or sexual activities of any person, including any party, witness, or attorney. This agreement shall not preclude non-disparaging references to the location where the individual resides or to the individual's employment history or educational background.

2. <u>Stipulated MIL No. 2</u>: Neither party will reference any motions or orders in this case, other than the claim constructions set out in the Court's Markman order, including the fact that either party filed motions *in limine* or that the Court granted or denied any requested relief. Neither party will make any reference to discovery disputes that have occurred during the course of the litigation.

3. <u>Stipulated MIL No. 3</u>: Neither party will reference the role or presence in the courtroom of jury consultants or shadow jurors, if any, or the use, if any, of jury consultants or jury study or focus groups to assist with trial preparation, jury selection, or trial.

4. <u>Stipulated MIL No. 4</u>: Neither party will ask questions intended to provoke a privileged or protected answer. This agreement covers any material that is privileged, including questions justifying a privilege.

5. <u>Stipulated MIL No. 5</u>: Neither party will reference or offer any argument, evidence, or suggestion concerning infringement by way of indirect infringement.

6. <u>Stipulated MIL No. 6</u>: Neither party will elicit testimony or argue that the asserted claims are limited to preferred embodiments in the specification.

7. <u>Stipulated MIL No. 7</u>: No counsel or witness will engage in any criticisms of the patent office or its employees or denigrating the patent system, including agreeing to avoid any references, evidence, testimony (including expert testimony) arguments regarding, or inquiries attempting to elicit testimony suggesting that the PTO—or its examiners—are overburdened or incompetent, or overlook references, as well as any general reference to "bad" patents or any similar pejorative terms. No counsel or witness will make any argument or reference to patent examiners as "experts." Any statements and description provided in the Federal Judicial Center's Patent Video for Jurors may be used by counsel or witnesses.

8. <u>Stipulated MIL No. 8</u>: No party shall introduce any argument, evidence, or testimony suggesting that the Eastern District of Texas is an improper venue in which to try this case, or suggest that either party lacks sufficient connection to the Eastern District.

9. <u>Stipulated MIL No. 9</u>: The parties agree not to reference or elicit testimony at trial relating to Continental's overall worldwide sales and revenues. To the extent Continental identifies exhibits containing information concerning worldwide sales and revenues, such

objections will be resolved at the pretrial conference. This MIL is not intended to limit Arigna's damages expert from testifying to portions of this report that have not been stricken by the Court.

10. Stipulated MIL No. 10: Neither party will introduce any argument, evidence, or testimony that Continental or NXP engaged in copying of the '318 patent, that copying is required to prove infringement, or that Continental or NXP independently invented the subject matter claimed in the '318 patent.

11. Stipulated MIL No. 11: No party will argue that (1) Continental had an affirmative duty to seek opinion of counsel, and/or (2) that any inference may be drawn as to what the contents of such an opinion would have been.

12. Stipulated MIL No. 12: The Parties should be precluded from making statements, arguments, comments, or references to (i) the financial status of counsel and/or their law firms, (ii) the social activities, television appearances/investigations/reports, politics, and personal lives of the Parties' attorneys, their agents, and employees, and/or (iii) the modes of transportation utilized by Parties' attorneys, their clothes, homes, or other aspects of their professional or personal lives.

**SIGNED this 24th day of October, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE